**VIKAS BAJAJ**
Law Office of Vikas Bajaj, APC
1230 Columbia Street, Suite 565
San Diego, California 92101
Telephone: (619) 525-7005
Facsimile:  (619) 232-0001
vbajaj@bajajlaw.com
California State Bar No: 216464

Attorney for Defendant:
**MANISH PATEL**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **MANISH PATEL** <br><br> Defendant. | Case No.: 19-MJ-00128-EFB <br><br> **OPPOSITION TO THE GOVERNMENTS'S MOTION TO DETAIN MR. PATEL PURSUANT TO 18 U.S.C. SECTION 3142** <br><br> DATE: August 19, 2019 <br> TIME:  2:00 p.m. <br> DEPT:  8 |

### I.

### STATEMENT OF THE CASE.

On August 15, 2019, a Criminal Complaint was filed against MANISH PATEL, for alleged violations of Title 21, United States Code sections 846, 841(a)(1) and Title 21, United States Code sections 841(a)(1).

After an initial appearance on August 15, 2019, a continued detention hearing and status of counsel was set on August 16, 2019.  During this hearing, the Court confirmed representation by Messrs. Bajaj and Whitworth.  This hearing had the

benefit of an evaluation and recommendation by Pre-Trial Services wherein a recommendation of an unsecured bond in the amount of $250,000 was recommended.

It should be noted that the recommendation prepared on August 16, 2019 was completed after a long and methodical evaluation by Pretrial Services Officer Basurto, wherein Mr. Patel openly and honestly discussed his history, family connections, history of travels, and financial accounts. PTSO Basurto was able to speak with Mr. Patel's father, Naresh Patel, and brother-in-law, Gaysham Patel, as potential sureties, before presenting a recommendation that Mr. Patel be released with a $250,000.00 (Two Hundred and Fifty Thousand Dollars) non-collateral signature bond.

In response, the Government continued to move for detention of Mr. Patel, but requested the matter be continued until August 19, 2019 to allow additional time to investigate the Pretrial Services report.

A further detention hearing is on today's date, Monday, August 19, 2019 at 2:00pm. It should be noted that the Government has filed a Motion to Detain, along with a Supplemental filing, shortly after midnight. Additionally, the defense received a phone call from PTSO Gaskins shortly after the noon hour, inquiring into whether Mr. Manish Patel or his family members, had funds, including those seized, that may be used for collateral. The defense has presented financial documents in support of both Naresh Patel and Gaysham Patel to the Pre-Trial Office.

///

///

///

## II.

## ARGUMENT

### A. MR. PATEL SHOULD BE RELEASED FROM CUSTODY PENDING TRIAL PURSUANT TO 18 U.S.C. SECTION 3142

The Bail Reform Act of 1984, 18 U.S.C. section 3141, requires the release of a defendant facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the defendant as required and secure the safety of the community. United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985). Only in rare circumstances should release be denied, and any doubts regarding the propriety of release should be resolved in favor of the defendant. Motamedi, supra, 767 F.2d at 1405.

The release of a defendant prior to trial is governed by 18 U.S.C. section 3142. In general, 18 U.S.C. section 3142 states that upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be:

(1) Released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;

(2) Released on a condition or combination of conditions under subsection (c) of this section;

(3) Temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or

(4) Detained under subsection (e) of this section.

On a motion for pretrial detention, the Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).
///

Section 3142(e) contains a rebuttable presumption that is applicable in this case. The rebuttable presumption is triggered where the judicial officer finds there is probable cause to believe that the defendant committed a certain offense involving drugs or violent crimes identified in the statute. When the presumption applies, it is presumed that no condition or combination of conditions exists that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. section 3142(e). This presumption imposes a "burden of production" on the defendant to put forth "some credible evidence" in order to rebut it. United States v. Thomas, 667 F. Supp. 727, 728 (D. Or. 1987)

1) **Rebuttable Presumption – Mr. Patel Is Not A Flight Risk**

If released from detention, Mr. Patel is not a flight risk and intends to litigate the instant allegations. In fact, when given the opportunity in state court, Mr. Manish Patel provided the Court with oral promises to appear. This is not to be taken lightly, as Mr. Manish Patel is both a defendant and a dually-licensed attorney. As such, Mr. Manish Patel speaks to the Court not only as one recognizing that his words are 'etched in stone', but also as an officer of the court. In the Government's motion to detain Mr. Patel, they argue that Mr. Patel is a flight risk because of his knowledge of the legal system, access to cash, and familiarity with travel. The Government's arguments are misplaced.

a) **Mr. Patel's Knowledge of Legal System Does Not Make Him a Flight Risk**

Mr. Patel's knowledge of the legal system does not make him a threat to flee from prosecution. Mr. Patel is a dually-licensed lawyer in the State of New York and the State of New Jersey. Further, he has sat for the California Bar Examination. To argue that Mr. Patel is a flight risk because of his knowledge of the legal system is to say that any person charged with a federal offense, who has a

legal background, is a flight risk. There is no basis for this allegation; it also raises significant issues as it introduces a factor not adequately pronounced by the Congress, which is now used to further a defendant's pre-trial incarceration.

### b) Mr. Patel Does Not Have Access to Additional Cash

The Government also alleges that Mr. Patel is a flight risk because he has "access to cash." This is also not true.

Upon searching Mr. Patel's house in Granite Bay, which he rented along with several other people (and shared all expenses), law enforcement connected Mr. Patel to TD Bank, Wells Fargo, Chase Bank, and Bank of America. The Placer County Sheriff's Office then subsequently served each banking institution with an Affidavit of Adverse Claim/Freeze Order. In fact, Detective Aguilar personally spoke with counsel for Wells Fargo Bank in an effort to convince the bank to seize and disburse all funds to the District Attorney's Office. Wells Fargo agreed to freeze the account, but refused to disburse the funds as Manish Patel was not the sole account holder; disbursement of the funds would unfairly prejudice unrelated parties.

It should be noted that Mr. Manish Patel's law office, Sentient Law, has an IOLTA account that was frozen as well. This clearly affects unrelated clients of the law office.

This has been an extremely thorough investigation into the life and accounts of Mr. Patel. Surely, if law enforcement believed that Mr. Patel had any additional access to any hidden funds, they would have located that source. They have not because they do not exist.

///

///

### c) Mr. Patel's Familiarity With Travel Does Not Make Him a Flight Risk – Mr. Patel Did Not Encourage His Pilots to Illegally Fly Him To Cuba

Finally, the Government argues that because Mr. Patel has a familiarity with travel, he is a flight risk. Prior to being arrested for the instant offense, Mr. Patel possessed a Learjet plane. This plane has since been seized and Mr. Patel has absolutely no access to the Learjet in question or any other private aircraft that would allow him to travel. Mr. Patel has agreed to turn over his passport to the Government and does not have the ability to fly anywhere he wants at any moment.

Fruits of this aggressive investigation in this case does not provide support for the assertion that Mr. Patel having familiarity with travel make him a flight risk.

The Government also points to a previous bail hearing in the Superior Court of California, County of El Dorado, where the Court states, "There is information that the defendant attempted to encourage his pilots to fly him to Cuba without proper authorizations. The Court is very concerned about that."

After the referenced hearing, the District Attorney's Office released additional investigation, which contradicted the prosecutorial representation made during the initial bail hearings. This statement is contrary to the discovery material that was provided in the case.

Absolutely no evidence in the discovery was provided that demonstrated Mr. Patel encouraged his pilots to fly him to Cuba without proper permitting, as was the most prolific representation made to the Superior Court by the District Attorney's Office.

///

    **i.**  **Detective Aguilar obtained a statement from Mr. Patel's pilot, Bill Harris, after the representations made in Superior Court**

Prior to meeting, Detective Aguilar provided Mr. Harris with ten (10) questions. Question four (4) asked Mr. Harris regarding any associates of Mr. Patel to which he answered, in relevant part: "The only other possible associates were on one occasion, Feb 7, 2017, for a planned flight to Cuba that was not made because permits were never properly applied for or approved." Scheduling a flight to go to Cuba and ultimately not being able to complete that flight because of lack of permits is far from "encouraging" his pilots to take him to Cuba illegally.

Mr. Harris was also asked whether Mr. Patel ever asked him to take a route with less law enforcement presence, which he replied: "Never. The destinations were always a public airport large enough for jet services with fuel being the determining factor. We ALWAYS flew on a flight plan for every leg of flight so the FA has every flight on record."

Finally, when asked whether Mr. Patel tried to avoid contact with law enforcement, Mr. Harris replied: "There was never any appearance of trying to avoid law enforcement. All stops or destinations were to public airports with full facilities. Patel did not request any stops or locations that were out of the ordinary and never asked about possible law enforcement issues. All flights were made under a FAA flight plan as is required when on an instrument flight plan which we always flew."

Mr. Harris statements are markedly divorced from the assertion that Mr. Patel's familiarity with travel make him a flight risk. During Mr. Patel's travel, he has never attempted to go anywhere illegally and never sought to avoid law enforcement on any flights.

///

### d) Mr. Patel Has Put Forth Evidence That He Will Not Flee

In order to rebut the presumption that Mr. Patel is not a flight risk, he must put forth some sort of evidence that he will not flee if released under any conditions imposed.

Here, Mr. Patel has provided such evidence that he will not flee if he is released from custody. Mr. Patel's father, Naresh Patel, and his Brother-In-Law, Ghanshyam Patel, have agreed to act as a Surety on his behalf and sign a non-collateral, signature bond worth $250,000.00. Naresh Patel and Ghanshyam Patel have been thoroughly interviewed and vetted by Pretrial Services. Mr. Patel would not subject his family members to this sort of financial obligation, if he did not intend to appear and fight this case.

### B. 18 U.S.C. Section 3142 Factors

Section 3142(g) of the Bail Reform Act contains several factors that must be evaluated to determine whether there are any conditions of release that will reasonably assure a defendant's future appearance. These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person charged; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release . 18 U.S.C. section 3142(g). "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilty." Gebro, 948 F.2d at 1121.

The Government retains the burden of showing by a preponderance of the evidence that there is no condition of release or combination of conditions that will reasonably assure Mr. Patel's appearance at future hearings. In looking at the following factors, it is clear that Mr. Patel should be granted his release from custody and pretrial detention is not needed.

1. **Nature and Circumstances of the Offense Charged**

The first factors listed in Section 3142(g) requires the Court to consider the nature and circumstances of the offense charged.

The offenses charged in the present case are felonious in nature, but not those evidencing future harm to the community, or to any specific individuals. Mr. Patel has been charged with Conspiracy to Possess with Intent to Distribute Marijuana Plants and Tetrahydrocannabinols contained in Hashish Oil and Possession with Intent to Distribute Marijuana Plants and Tetrahydrocannabinols contained in Hashish Oil.

Mr. Patel was stopped and cooperated fully with law enforcement during their stop. These charges do not portray any evidence that Mr. Patel is a future harm to the community and as such this factor should weigh in the favor of Mr. Patel not being detained prior to trial.

While marijuana, and its by-products, are presently a Schedule 1 controlled substance, it is important to note the unique characteristics of this controlled substance in comparison to others. In the present case, there is a marked void of weapons, threats, or any other threats to the community or any members therein. This is in stark contrast to most synthetic substances categorized as a Schedule I substance in both academic and practical application.

2. **Weight of the Evidence**

The next factor that must be weighed, although the "least important", is the weight of evidence against Mr. Patel. <u>Gebro</u>, 948 F.2d at 1121. Here, in the Government's filings they address several allegations levied against Mr. Patel. Their filing primarily discusses what crimes it is alleged that Mr. Patel has committed, however the filing does not discuss the weight of the evidence.

///

### 3. History and Characteristics of Mr. Patel

Mr. Patel's history and characteristics weigh in the favor of Mr. Patel being released prior to trial. In looking at Mr. Patel's characteristics, the Court may take into account information concerning Mr. Patel's "character, physical and mental conditions, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. section 3142(g)(3).

#### i. Mr. Patel's Character

The first character that the court may consider in weighing this factor is Mr. Patel's character. Mr. Patel is a dually licensed attorney in the State of New York and the State of New Jersey. In order to be admitted to become an Attorney and Counselor-at-Law in the State of New York and New Jersey, Mr. Patel had to complete a moral character application. Mr. Patel's moral character application was approved by both the State of New York and the State of New Jersey. As such, they have found he possesses good moral character.

#### ii. Employment

Mr. Patel has worked as an attorney in the State of New York and the State of New Jersey since passing the bar examination in 2014. He has a position with Sentient Law Group, a corporate and business law firm in New York, New York.

///

///

### iii. Family Ties

Mr. Patel has remained extremely close with his entire family. In fact, both his father, Naresh Patel, and his brother-in-law, Ghanshyam Patel, have agreed to act as a surety on behalf of Mr. Patel. It is clear that Mr. Patel has close family ties, as both Mr. Naresh Patel and Mr. Ghanshyam Patel would not agree to sign a non-collateral signature bond in the amount of $250,000.00 (Two Hundred and Fifty Thousand Dollars) if they were not close with Mr. Patel.

It bears noting that the vast majority of Mr. Patel's international travels were with family and for the purpose of family gatherings, weddings, and the like.

### iv. Past Criminal History

Other than the instant offense, Mr. Patel has had very limited interactions with the criminal justice system. The Government has pointed to three (3) prior arrests for marijuana related offenses that have been suffered by Mr. Patel. What is not discussed by the Government, however, is that these arrests did not result in actual criminal convictions. Mr. Patel's 2011 arrest concluded as an infraction offense, to which the Board of Bar Examiner in New Jersey did not find a basis to withhold his attorney licensing.

In November 2015, Mr. Patel was arrested for allegedly possessing marijuana for sale and for transporting marijuana. In that case, Mr. Patel was a passenger in a vehicle that was stopped. Upon a search of the vehicle marijuana was discovered and Mr. Patel and the driver of the vehicle were arrested. Ultimately, the case against Mr. Patel was dismissed, with no conviction ever occurring.

///

///

Further, the Government mentions that Mr. Patel was stopped while in New Mexico. The Government fails to mention that Mr. Patel once again cooperated with law enforcement, allowed them to search his plane, and allowed them to search his laptops.

Mr. Patel's past criminal record of actual criminal convictions is markedly lacking.

### v. Mr. Patel's Record Concerning Appearance at Court

Finally, the Court may look at Mr. Patel's record with regard to his appearance at any court proceedings. This factor absolutely weighs in the favor of Mr. Patel not being detained.

Mr. Patel's other case in November 2015 was out of Shasta County in Northern California. Throughout that case, which was eventually dismissed with no conviction, Mr. Patel made every court appearance and never once had a failure to appear.

Mr. Patel's record with regard to appearing in court is flawless and should weigh in the favor of Mr. Patel being released prior to trial.

### vi. Nature and Seriousness of Danger to Community if Mr. Patel is Released

The final factor that the court may weigh is what is the nature and seriousness of danger that Mr. Patel presents to the community if he is released from custody.

In their argument, the Government states that Mr. Patel is charged with a serious crime which threatens to cause grave harm to society. The Government also argues that the "federal charges provide reason to deem PATEL a danger to the community." Finally, the government states that the scope of the alleged

activity, the history of arrests, and the persistence to commit crimes in the face of strong evidence indicate that Mr. Patel will be a danger to the community if released from detention. This argument is unfounded.

The Government has not produced any evidence or any argument that demonstrates Mr. Patel pose a danger to the community if released. The Government points to his history of arrests, which have not resulted in convictions greater than an infraction.

The Government continued to argue that if released from detention, Mr. Patel would continue to engage in drug trafficking, which constitutes a danger to the community. The Government failed, however, to provide any proof or evidence to make that assertion. In support of their motion, the Government has filed Exhibit 1, which is the July 10, 2019 Transcript of Bail Hearing in El Dorado County for Mr. Patel. In that hearing, the honorable Judge Mark Ralphs states: "You know, I'm not as concerned in this instance about public safety as I am the flight risk." July 10, 2019, R.T. p. 16, 15-16. This sentiment was displayed by that court a number of times throughout that hearing, as the Court will see in Exhibit 1 filed by the Government.

Here, Mr. Patel has been criminally charged in this case and intends to fight this case vigorously. To contend that Mr. Patel would engage in any illegal activity if released from detention and pose a danger to the community is simply not true. As such, this factor should weigh in the favor of releasing Mr. Patel from detention prior to trial.

///

///

///

### 4. Reasonable Conditions Exist to Limit Mr. Patel's Risk of Flight

The court is able to place reasonable restrictions on Mr. Patel's release conditions in order to limit the risk of flight in his case. Under Section 3142(c), the Court may order the defendant: 1) remain in the custody of a designated person; 2) maintain employment or seek employment; 3) maintain or commence an educational program; 4) abide by specified restrictions; 5) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency; 6) comply with a curfew; and 7) refrain from excessive use of alcohol or any use of a narcotic drug or other controlled substance.

While a GPS monitoring system was not recommended by Pretrial Services in this case, Mr. Patel has made it clear that he is absolutely willing to obey and abide by any condition the Court feels necessary to secure his presence in court. Whether that is wearing a GPS monitoring device, not leaving northern California, supervised release, daily check-ins with Pretrial Services, or any additional requirements the Court may wish to impose. Of course, Mr. Patel will abide with an order to not use any controlled substances.

///

///

///

///

///

# III.
# CONCLUSION

In conclusion, Mr. Patel by and through his attorney, Vikas Bajaj, respectfully moves for the Court to find that Mr. Patel is not a flight risk, is not a danger to the community, and deny the Government's motion to detain Mr. Patel prior to trial. Mr. Manish Patel is not part of an organized criminal group presenting a propensity for violence, intimidation, or the like. Conditions exist allowing Mr. Manish Patel's to be at liberty during this case.

DATED: August 19, 2019           Respectfully Submitted,


                         By:     /s/ Vikas Bajaj
                                 **VIKAS BAJAJ**
                                 Attorneys for Defendant
                                 **MANISH PATEL**