**VIKAS BAJAJ**
Law Office of Vikas Bajaj, APC
1230 Columbia Street, Suite 565
San Diego, California 92101
Telephone: (619) 525-7005
Facsimile:  (619) 232-0001
vbajaj@bajajlaw.com
California State Bar No: 216464

Attorney for Defendant:
**MANISH PATEL**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**MANISH PATEL**<br><br>Defendant. | Case No.: 19-MJ-00128-EFB<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEFING IN SUPPORT OF OPPOSITION TO DETENTION**<br><br>DATE: August 30, 2019<br>TIME:  2:00 p.m.<br>COURTROOM: 8 |

**I.**

**STATEMENT OF THE CASE.**

On August 15, 2019, a Criminal Complaint was filed against MANISH PATEL, for alleged violations of Title 21, United States Code sections 846, 841(a)(1) and Title 21, United States Code sections 841(a)(1).

The controlled substance in this case is a marijuana product, alleged to be hash oil.

1

A detention hearing was held on August 16, 2019 before Magistrate Judge Edmund F. Brennan. After a long and methodical evaluation by Pretrial Services, where they spoke with Mr. Patel's father and brother-in-law as potential sureties, their report recommended that Mr. Patel be released from detention on a $250,000.00 (Two Hundred and Fifty Thousand Dollars) non-collateral signature bond. In response, the Government continued to move for detention of Mr. Patel, but requested the matter be continued until August 19, 2019 to allow additional time to investigate the Pretrial Services report.

On August 19, 2019, just before 1:00 a.m., the Government filed a motion to detain Mr. Patel. Defense filed an opposition to the Government's filing for detention just prior to the August 19, 2019 hearing. At the conclusion of the hearing, the Court ordered the matter of detention continued to allow the assigned Pretrial Services Officer additional time to prepare a supplemental report. A future detention hearing was set for August 22, 2019.

On August 22, 2019, the Government filed a supplemental brief in support of their motion for detention, just before 11:00 a.m. At the conclusion of the August 22, 2019 detention hearing, the Court ordered defense to file an additional supplemental briefing, while the prosecution shall file any reply on August 28, 2019.

A further detention hearing is set for Friday, August 30, 2019.

///

///

///

///

## II.

## ARGUMENT

### A. MR. PATEL DID NOT FAIL TO DISCLOSE HIS OWNERSHIP INTEREST IN ANY PROPERTIES AND/OR ANY LLC

In the Government's supplemental filing they argue that Mr. Patel failed to disclose his ownership and management of an LLC that controls a marijuana warehouse at 5360 South Watt Avenue in Sacramento, California, which is owned by SMP Properties, LLC through 5360 South Watt LLC. As seen in the attached Operating Agreement, SMP Properties, LLC's purpose is to acquire real property for investment purposes. See Exhibit A.

On June 21, 2019, Mr. Patel met with Sagar Shah, a managing member of SMP Properties, LLC while he was in state custody. At their meeting, Mr. Patel forfeited his role as a managing member of SMP Properties, LLC. See Exhibit B. Since their meeting, Mr. Patel's interest in SMP Properties, LLC has been sold and he is no longer a member of SMP Properties, LLC.

When interviewed by Pretrial Services, Mr. Patel absolutely did not lie about his ownership and management role with SMP Properties, LLC and 5360 South Watt LLC. At the time of their meeting, Mr. Patel did not possess any interest in this LLC. It should be noted that the concentration of the inquiry during the initial pre-trial interview was a focus on bank accounts, property, and financial liquidity owned by Mr. Patel.

The Government's filing also goes on to address two (2) additional LLCs, Morrison 2, LLC and Next Level Labs LLC. Morrison 2, LLC is a Wyoming entity that sought a permit from the City of Sacramento to manufacture and distribute cannabis at 5360 South Watt Avenue. Morrison 2, LLC was strictly a tenant at 5360 South Watt Avenue—Mr. Patel has absolutely no interest in Morrison 2, LLC whatsoever.

The Government states that documents for Next Level Labs LLC corresponded to a Sacramento lawyer who also happened to be associated with 8178 Belvedere Avenue. The Government states that Next Level Labs LLC sought a permit for marijuana distillation. While the Government attempts to hint that Mr. Patel has some sort of ownership interest in Next Level Labs LLC, there is no evidence that Mr. Patel knows about Next Level Labs LLC.

As such, Mr. Patel did not fail to disclose to Pretrial Services any ownership interest in any properties or LLCs in any way, shape, or form.

### B.  MR. PATEL'S INTERNATIONAL TRAVEL

In it's supplemental filings, the Government states that Mr. Patel traveled from Jacksonville, Florida to Havana, Cuba on February 7, 2018. They further state that Mr. Patel then returned to Fort Lauderdale, Florida the next day on February 8, 2018. Finally, the Government states that Mr. Patel then flew from Havana, Cuba to Newark, New Jersey on February 12, 2018, with U.S. Customs and Border Protection having no record of Mr. Patel leaving the United States to reenter Cuba.

The implication presented is that Mr. Patel traveled, without proper paperwork, from Cuba to New Jersey only to return to Cuba and fly, with proper documentation on a commercial flight, back to New Jersey.

This is simply not true. Instead, Mr. Patel flew on a commercial flight to and from Cuba.

Mr. Patel did not fly from Jacksonville, Florida to Havana, Cuba on February 7, 2018. While that was the initial plan, Mr. Patel could not secure proper landing permits. This is corroborated by the flight log provided by the Government in their August 19, 2019 filing. See Exhibit C.

Upon arriving in Fort Lauderdale on February 7, 2018, Mr. Patel and his law school colleagues purchased commercial flight tickets to fly from Fort Lauderdale to Havana, Cuba on February 8, 2018. See Exhibit D. Simultaneously, Mr. Patel and his friends then purchased a commercial flight to fly from Havana, Cuba to Newark, New Jersey on February 12, 2018. See Exhibit E. To insinuate that Mr. Patel conducted an undetected border crossing back into Cuba is categorically false.

The Government also touches on several other instances of international travel that Mr. Patel has done since October 2017. There is nothing suspect or suspicious with regard to the amount of traveling Mr. Patel has done. Mr. Patel has been completely forthcoming with Pretrial Services with regard to his international travel.

### C. MR. PATEL NEVER MINIMIZED HIS CONNECTION TO MR. OCLEPPO

The Government also contends that Mr. Patel minimized his connection to Mr. Craig Ocleppo. This is not true. Mr. Patel disclosed to Pretrial Services that he owned this property with Mr. Ocleppo, that he never once lived in the property, and that he made payments towards the property. Mr. Patel was very clear about his relationship with Mr. Ocleppo and never minimized his relationship whatsoever.

The Government further argues that Mr. Patel has had to have had a stronger connection with Mr. Ocleppo because of deposits into a joint account over a ten (10) month period. In those ten (10) months, Mr. Patel deposited:

```
June 2015:            $  3,125.00
July 2015:            $  2,340.00
August 2015:          $ 11,940.00
September 2015:       $  3,590.00
October 2015:         $  3,630.00
November 2015:        $  3,560.00
December 2015:        $  2,580.00
January 2016:         $  4,780.00
February 2016:        $  4,050.00
```

5

| | |
|---|---|
| March 2016: | $ 6,300.00 |
| April 2016: | $ 1,300.00 |

Mr. Patel's deposits into this joint account, which is used to pay the home's mortgage among other things needed for a home, is not suspicious. The mortgage on this property is approximately $3,400.00 per month. Mr. Patel never hid the fact that he made payments towards the jointly owned property. Rather, Mr. Patel was upfront and honest with regard to his involvement in his jointly owned property with Mr. Ocleppo.

### III.
### CONCLUSION

In conclusion, Mr. Patel by and through his attorney, Vikas Bajaj, respectfully moves for the Court to find that Mr. Patel is not a flight risk, is not a danger to the community, and deny the Government's motion to detain Mr. Patel prior to trial.

DATED: August 27, 2019                Respectfully Submitted,


By:   /s/ Vikas Bajaj
      **VIKAS BAJAJ**
      Attorneys for Defendant
      **MANISH PATEL**