**VIKAS BAJAJ**
Law Office of Vikas Bajaj, APC
1230 Columbia Street, Suite 565
San Diego, California 92101
Telephone: (619) 525-7005
Facsimile:  (619) 232-0001
vbajaj@bajajlaw.com
California State Bar No: 216464

Attorney for Defendant:
**MANISH PATEL**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br><br> v. <br><br> **MANISH PATEL** <br> Defendant. | Case No.: 20-CR-00085-TLN <br><br> **MOTION TO MODIFY DEFEDANT'S PRETRIAL RELEASE CONDITIONS** <br><br> DATE: <br> TIME: <br> COURTROOM: |

## I.
## STATEMENT OF THE CASE.

On August 15, 2019, a Criminal Complaint was filed against MANISH PATEL, for alleged violations of Title 21, United States Code sections 846, 841(a)(1) and Title 21, United States Code sections 841(a)(1).

A detention hearing was held on August 16, 2019 before Magistrate Judge Edmund F. Brennan.  After a long and methodical evaluation by Pretrial Services, where they spoke with Mr. Patel's father and brother-in-law as potential sureties,

1

their report recommended that Mr. Patel be released from detention on a $250,000.00 (Two Hundred and Fifty Thousand Dollars) non-collateral signature bond. In response, the Government continued to move for detention of Mr. Patel, but requested the matter be continued until August 19, 2019 to allow additional time to investigate the Pretrial Services report.

A further Detention Hearing was held on September 17, 2019 where the Court ordered that Mr. Patel be released from custody on a $330,00.00 bond. $80,000.00 was to be secured by a cash deposit from retirement accounts belonging to Mr. Patel's mother and brother-in-law. $250,000.00 was to be an unsecured appearance bond co-signed by Mr. Patel's mother and brother-in-law. The Court further ordered that the $250,000.00 was to be replaced by the posting of a $170,000.00 secured property bond located at 300 Zion Road, Hillsborough, New Jersey 08844. Since then, Mr. Patel's property bond has been substituted by a $170,000.00 cash bond that was received by the Court Clerk on March 20, 2020.

As part of Mr. Patel's release, the Court ordered that Mr. Patel follow several special conditions. More specifically, the Court ordered, among others, Special Release Condition Number three (3) which requires that Mr. Patel not absent himself from Sacramento County for more than 24 hours; Condition Number five (5) which requires Mr. Patel to limit his travel to the Eastern District of California, Condition Number ten (10) which requires Mr. Patel to participate in a location monitoring program; and Condition Number thirteen (13) which requires Mr. Patel to submit to drug and/or alcohol testing and requires him to pay for such testing.

To this date, Mr. Patel has complied with every condition the Court has imposed upon him – with the exception of one violation for returning home fifty-five (55) minutes past his curfew of 7:00 p.m.

///

///

///

## II.

## ARGUMENT

### A. PRETRIAL RELEASE CONDITION NUMBERS TEN (10), ELEVEN (11) AND THIRTEEN (13) SHOULD BE MODIFIED AS THEY HAVE BECOME UNDULY BURDENSOME AND ARE NO LONGER THE LEAST RESTRICTIVE METHODS TO REASONABLY ASSURE MR. PATEL'S PRESENCE BEFORE THE COURT

The Court should modify the above-mentioned conditions of Mr. Patel's pretrial release as they are no longer the least restrictive methods to reasonably assure Mr. Patel's presence before the Court.  The Court is permitted to make such modifications pursuant to Title 18, United States Code, section 3142(c)(3) which states: "The judicial officer may at any time amend the order to impose additional or different conditions of release."

As mentioned above, as conditions of his release, Mr. Patel has been ordered to, among others: (10) participate in location monitoring; (11) curfew; and (13) submit to drug and/or alcohol testing.

As the Court is well aware, a judicial officer must impose the *least restrictive condition* or combination of conditions that are necessary to "reasonably assure" a defendant's appearance as required and to "reasonably assure" the safety of any person and the community.  Title 18, United States Code, section 3142(c)(1)(B).  It is important to note, however, that these conditions need only "reasonably" assure a defendant's appearance, not guarantee it.  United States v. Xulum, 84 F.3d 441, 443.

Here, the above listed conditions have become unduly burdensome and based on his actions over the last nine (9) months are no longer the least restrictive methods.

///

///

///

1. **Condition Number Ten (10): Participate in Location Monitoring Program**

Condition Number Ten (10) states that Mr. Patel must: "participate in the following location monitoring program component and abide by all the requirements of the program, which will include having a location monitoring unit installed in your residence and a radio frequency transmitter device attached to your person. You must comply with all instructions for the use and operation of said devices as given to you by the Pretrial Services Agency and employees of the monitoring company. You must pay all of the costs of the program based upon your ability to pay, as determined by the pretrial services officer."

Due to the perception at the Detention Hearing that Mr. Patel may be a flight risk, requiring him to participate in the location monitoring program was a reasonable condition to assure his presence before the Court. Mr. Patel's consistent behavior since being released, however, demonstrates that the condition is no longer needed. Counsel for Mr. Patel has spoken with his Pretrial Services Officer, Renee Basurto, who has indicated that she has no opposition to removing Mr. Patel from the location monitoring program.

Since being released from custody over nine (9) months ago, Mr. Patel has abided by every condition imposed upon him by the Court. Mr. Patel suffered one (1) minor violation on January 19, 2020 when he arrived at his home fifty-five (55) minutes after his curfew of 7:00 p.m. Pretrial Services filed a violation petition to which Mr. Patel was ordered to continue on pretrial release.

While the Government's position at the highly contested detention hearing(s) that Mr. Patel was a flight risk may have been valid at that time, Mr. Patel's performance since being released from custody demonstrate that he is anything but a flight risk.

On two (2) separate occasions, November 26, 2019 (File Number 35) and December 19, 2019 (File Number 38) it was stipulated by the Government and this

Counsel that Mr. Patel be permitted to travel to New Jersey and spend time with his family for the holidays. Of importance in these stipulations is that Mr. Patel was to have his location monitoring transmitter device removed during the duration of his travel and was to have it reinstalled upon arriving back in Sacramento County. Essentially, the Government did not believe Mr. Patel was a flight risk when they allowed him to travel to the east coast while not being monitored by Pretrial Services.

On both occasions, Mr. Patel complied with the Court's request at every turn. He left California unmonitored, returned on his own volition, and of course reinstalled his monitoring device.

Mr. Patel is now before the Court requesting that this condition of pretrial release be deleted as it has become an unduly burdensome condition. As the Court is aware, Mr. Patel is a licensed attorney in the State of New York and New Jersey. His entire family lives in New Jersey, his law firm is based out of New York, and his defense counsel is in San Diego, California.

Requiring Mr. Patel to remain enrolled in the location monitoring program prohibits him from any sort of overnight travel, without Court approval. This has proven to be burdensome, as if a business meeting or opportunity presents itself at the last moment, Mr. Patel is unable to receive permission from his Pretrial Services Officer and must go through counsel to have an actual hearing, if it cannot be stipulated to—a process that has proven to not always be quick.

As such, Mr. Patel requests to be removed from the location monitoring program to permit him to have overnight travel outside of the Eastern District of California, pending approval from Pretrial Services. Of course, Mr. Patel is willing to check in with Pretrial Services telephonically each night he is not within the Eastern District of California. Again, Ms. Renee Basurto, Mr. Patel's Pretrial Services Officer has no objection to this request.

2. **Condition Number Eleven (11): Curfew**

Much in the same vein, Condition Number eleven (11) states that Mr. Patel must: "remain inside your residence every day from 7:00 pm to 7:00 am, or as adjusted by pretrial services officer for medical, religious services, employment or court-ordered obligations." On June 19, 2020, Mr. Patel's curfew was modified and extended to 11:00 p.m. Once again, Ms. Basurto has no objection to removing this condition.

Since being released from custody, Mr. Patel has complied with his required curfew, except with a minor violation that occurred on January 19, 2020 where Mr. Patel arrived home fifty-five (55) minutes past curfew. Mr. Patel had been in contact with his Pretrial Services Officer Renee Basurto and informed her that a work dinner had run late.

As with the conditions listed above, a curfew requiring Mr. Patel to return home every evening by 11:00 pm is unduly burdensome to him, as it has limited his ability to work. Mr. Patel's violation on January 19, 2020 is an example of this – as he is unable to have dinner with potential business clients because he has to make sure to leave enough time to return home by 7:00 pm.

Mr. Patel has shown time and time again that he will comply with orders given by the Court. Requiring Mr. Patel to be home every night at 11:00 pm, however has become a burdensome requirement as it has hurt his ability to effectively work. As such, Mr. Patel respectfully requests the Court to delete Condition Number eleven (11).

3. **Condition Number Thirteen (13): Submit to Drug and/or Alcohol Testing**

Condition Number thirteen (13) states that Mr. Patel must: "submit to drug and/or alcohol testing as approved by the pretrial services officer. You must pay

all or part of the costs of the testing services based upon your ability to pay, as determined by the pretrial services officer."

Upon being released on bail nearly nine (9) months ago, Mr. Patel began submitting to drug and/or alcohol testing three (3) times per month. After providing nearly six (6) months of clean tests, Ms. Basurto reduced Mr. Patel's monthly testing requirement to one (1) time per month. To this day, Mr. Patel has not had a single dirty test.

Counsel for Mr. Patel has spoken with Ms. Basurto regarding this condition and she has no objection to having this condition removed from Mr. Patel. She has indicated that he has never provided a dirty test and the need for testing no longer exists. As such, continuing to require Mr. Patel to submit to drug and/or alcohol testing only creates a burden to Mr. Patel by requiring him to pay for testing each month.

Due to Mr. Patel's continuous clean drug and/or alcohol tests over the last nine (9) months, along with no objection from pretrial services, Mr. Patel hereby requests that Condition Number thirteen (13) be deleted.

### III.
### CONCLUSION

In conclusion, Mr. Patel by and through his attorney, Vikas Bajaj, respectfully moves the Court to modify pretrial special condition number(s) 10, 11, and 13.

DATED: June 23, 2020                    Respectfully Submitted,

                                        By:    /s/ Vikas Bajaj
                                               **VIKAS BAJAJ**
                                               Attorneys for Defendant
                                               **MANISH PATEL**